**In re SWANSON GENTLEMEN ALGER, INC., Debtor.**

**FOX CONSTRUCTION, INC., Plaintiff,**

v.

**GALESBURG HOUSING DEVELOPMENT CORP., Swanson Gentlemen Alger, Inc., Du–Mont Company, and Schebler Company, Defendants.**

**SCHEBLER COMPANY, Third–Party Plaintiff,**

v.

**KNOX COUNTY HOUSING AUTHORITY, Third–Party Defendant.**

Bankruptcy No. 90–81994.

Adv. No. 91–8070.

United States Bankruptcy Court, C.D. Illinois.

May 15, 1992.

Daniel B. Stoerzbach, Barash, Stoerzbach & Henson, Galesburg, Ill., for plaintiff.

Roger L. Williamson, McLaughlin, Neagle, Hattery Simpson & West, Galesburg,

Ill., for Knox County Housing Authority and Galesburg Housing Development Corp.

Richard A. Davidson, Lane & Waterman, Davenport, Iowa, for Schebler Co.

Gary T. Rafool, Peoria, Ill., for debtor, Swanson Gentlemen Alger, Inc.

William H. Christison, Peoria, Ill., Chapter 7 Trustee.

## OPINION

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

This matter is before the Court on cross motions for summary judgment filed by Fox Construction, Inc., (FOX), Galesburg Housing Development Corp., (GHDC), Knox County Housing Authority, (KCHA), and Schebler Company, (Schebler). In a prior opinion filed January 13, 1992, denying motions to dismiss, this Court set forth the facts and will not repeat them here except to the extent necessary for its decision.

The principal issue in this case is whether the bond furnished by Fox to GHDC was in compliance with the statutory requirements. The statute provides:

All officials, boards, commissions or agents of this State, or of any political subdivision thereof in making contracts for public work of any kind to be performed for the State, or a political subdivision thereof shall require every contractor for such work to furnish, supply and deliver a bond to the State, or to the political subdivision thereof entering into such contract, as the case may be, with good and sufficient sureties.

Ill.Rev.Stat., 1989, ch. 29, para. 15. Because Fox furnished the bond to GHDC, which Schebler claims is a private corporation and not a political subdivision, rather than to KCHA, Schebler contends that the bond was insufficient. This Court, in its earlier decision, determined that the nature of the relationship between KCHA and GHDC was crucial, and had not yet been established in the record.

■ Submitted along with the motion for summary judgment filed by KCHA and GHDC is an affidavit of the Executive Director of the Knox County Housing Authority, who also serves as the Secretary of the GHDC. Attached to the affidavit are copies of the Articles of Incorporation and By-laws for the GHDC. The Articles of Incorporation provide that the GHDC was established as an "instrumentality" of the KCHA for purposes of the United States Housing Act of 1937, which act established a federal housing agency authorized to make loans and grants to state agencies for low-rent housing projects. Among the stated purposes of the GHDC are:

To promote and advance decent, safe and sanitary housing for persons of low income, and particularly elderly, handicapped or disabled persons in the City of Galesburg (the "City"), County of Knox (the "County"), Illinois, and to act as the instrumentality of the Knox County Housing Authority (the "Housing Authority") within the meaning of Section 3(6) of the United States Housing Act of 1937, as amended, and to be determined by the United States Department of Housing and Urban Development pursuant to 24 C.F.R. Part 811, Subpart A, to act as a "public housing authority" within the meaning of 24 C.F.R. Part 811, in order to finance low income housing;

to finance housing for such persons of low income as the instrumentality of the Housing Authority, pursuant to Section 3(6) of the United States Housing Act of 1937, as amended; ....

The Articles of Incorporation further provide:

The Corporation is a non-profit, non-stock corporation and no part of the income or profits of said Corporation shall ever inure to the benefit of any member, director or officer thereof other than the Housing Authority, or its lawful successors or assigns. The Corporation is of a type which is charitable and for civic improvements and which is to promote uniform low-cost housing projects. In no way are the purposes and functions of the Corporation to be construed as a delegation of the public governmental functions by the City or County to this Corporation. The Corporation purposes

shall not be construed so as to circumvent any constitutional or statutory provisions with regard to public financing.

According to the affidavit of the Executive Director of the KCHA, the contract between Fox and the GHDC was entered into at the request of the KCHA, and funded by monies earned by the KCHA in administration of the United States Department of Housing and Urban Development Section 8 Housing Programs. Finally, as noted by the affiant, profits from the operation of the GHDC inure to the benefit of the KCHA and upon dissolution of the GHDC, its property passes to the KCHA.

■ The relationship between the two entities is clear. Schebler's characterization of the GHDC as an unrelated, private corporation is inexact and deceptive. GHDC acted at the behest and under the direction of the KCHA. The bond was furnished to the GHDC because it had entered into the contract with Fox. Because the GHDC is an instrumentality of KCHA, the bond furnished by Fox was in compliance with the statute. Accordingly, the provisions of the statute extending protection to persons who furnish labor or materials to subcontractors, applied to the bond furnished by Fox. Schebler's position that the KCHA was not authorized or empowered to create GHDC or act through it is unsubstantiated. Section 8 of the Housing Authorities Act (Ill.Rev.Stat.1989, ch. 67½, par. 1 et seq.), grants broad powers to Housing Authorities such as KCHA:

An Authority shall be a municipal corporation and shall constitute a body both corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Act, including, in addition to others herein granted, the powers enumerated in Sections 8.1 through 8.8, inclusive.

Ill.Rev.Stat., 1989, ch. 67½, par. 8. While the Housing Authorities Act does not specifically provide for the formation of instrumentalities, it does invest a Housing Authority with "all the powers necessary or convenient to carry out and effectuate" the purposes of the Act. And though it is not determinative here, this Court notes that among the many powers given the Illinois Housing Development Authority under the Illinois Housing Development Act, (Ill.Rev. Stat.1985, ch. 67½, par. 301 et seq.), is the authority to form or consent to the formation of instrumentality corporations:

The Authority may, in instances in which it determines that it is necessary or desirable in order to carry out its purposes under this Act, form or consent to the formation of one or more instrumentality corporations pursuant to the General Not For Profit Corporation Act, as amended, or the State Housing Act, as amended. The Authority may be a member of the instrumentality corporations and the members and officers of the Authority from time to time may be members of the governing board or officers of the instrumentality corporations. The Authority shall supervise the activities of the instrumentality corporations and may enter into agreements with them providing for the Authority to approve various aspects of their operations. The Authority may require that it approve aspects of the operation of the instrumentality corporations including, without limitation, the following: their charter and by-laws, their directors, their projects and expenditures and the issuance of their obligations. The Authority may agree to, and may take title to property of an instrumentality corporation upon its dissolution.

Ill.Rev.Stat., 1989, ch. 67½, par. 307.24c.

In view of the scheme of the federal statute and regulations [1] and the above pro-

---

1. Federal law defines the term "public housing agency" as

[A]ny State, county, municipality, or other governmental entity or public body (or agency or instrumentality thereof) which is authorized to engage is or assist in the development or operation of lower income housing.

42 U.S.C. section 1437a(b)(6). Federal regulations contain the following definitions:

*Parent Entity PHA.* Any state, county, municipality or other governmental entity or public body that is authorized to engage in or assist in the development or operation of low-income housing and that has the relationship

vision of Illinois law, this Court cannot conclude that the relationship between the GHDC and the KCHA was unauthorized or unconventional. In conclusion, this Court finds that the bond furnished by Fox to GHDC complied with the statute and that, pursuant to provisions of that statute, (Ill. Rev.Stat.1989, ch. 29, par. 15), Schebler would have been entitled to make a claim on the bond.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written ORDER.

### ORDER

For the reasons set forth in the Opinion entered this day; IT IS, THEREFORE, ORDERED:

1. The motion for summary judgment filed by Fox on its complaint is hereby ALLOWED and the GALESBURG HOUSING DEVELOPMENT CORP. is directed to pay over the sum of $7,287 to Fox;

2. The motion for summary judgment filed by KNOX COUNTY HOUSING AUTHORITY and GALESBURG HOUSING DEVELOPMENT CORPORATION as to the counter-claim of Schebler Company is hereby ALLOWED; and

3. The cross motion for summary judgment filed by Schebler Company is DENIED.

to an agency or instrumentality PHA required by this subpart.

*Agency or Instrumentality PHA:* A not-for-profit private or public organization that is authorized to engage in or assist in the development or operation of low-income housing and that has the relationship to a parent entity PHA required by this subpart.

Part 24 CFR 811.